Aristoteles LAVDAS

v.

John W. HOLLAND, District Director,
Immigration and Naturalization
Service.

Civ. A. No. 19538.

United States District Court
E. D. Pennsylvania.

Nov. 28, 1955.

Judgment Affirmed July 11, 1956.

Rappaport & Lagakos, Philadelphia, Pa., for plaintiff.

W. Wilson White, U. S. Atty., Norman C. Henss, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

KIRKPATRICK, Chief Judge.

(1) I think that the rationale of the decision of the Supreme Court in Shaughnessy v. Pedreiro, 349 U.S. 48, 75 S.Ct. 591, 98 L.Ed. 868, leads, in this case, to the conclusion that neither the Commissioner of Immigration and Naturalization nor the Attorney General is an indispensable party in a proceeding of this nature and that the petition for a judicial review and permanent restraining order, naming the District Director who issued the deportation order complained of by the petitioner, as the defendant, was proper.

(2) The deportation order was issued after the petitioner's appeal from a report and order of a Special Inquiry Officer appointed in proceedings under

Section 4 of the Displaced Persons Act of 1948, 50 U.S.C.A. Appendix, § 1953, was dismissed by the Regional Commissioner of the Immigration and Naturalization Service. The Regional Commissioner's order merely dismissed the appeal without discussion or reference to the evidence.

 The petitioner argues that the Special Inquiry Officer in his report which recommended denying the petitioner's request for adjusted status under the Displaced Persons Act erred as a matter of law, and asserts that the Officer read the meaning of the words "persecution or fear of persecution on account of * * * political opinions", occurring in the definition of "displaced person" in Section 4(b) of the Act, as an absolute requirement that the persecution must be by the government of the country to which the alien wishes to return. The Special Inquiry Officer said:

"The fear to return to Greece at this time which the applicant expresses is not persecution or fear of persecution on account of race, religion or political opinion within the meaning of Section 4 of the Displaced Persons Act of 1948, as amended, inasmuch as the alleged persecution would not be exercised by the government of Greece, but rather by members of the Communist Party of that country."

It may be assumed that the Regional Commissioner dismissed the petitioner's appeal for the reasons stated in the report. Assuming that the Special Inquiry Officer meant to go as far as the petitioner contends, this Court need not be concerned with the question whether the Act absolutely and in all cases requires the persecution to be by the recognized government of the country. Of course, there could be a situation in which a rebellion might have reached a state of success and organization which would supply an equivalent to governmental persecution, but nothing like that appears in the present case. It is a matter of which judicial notice can be taken and which the Regional Commissioner was bound to consider that the government of Greece is, and has been for several years, well stabilized and controls and has pacified almost the whole country. No doubt reprisals from members of the Communist Party here and there are a possibility, but, as conditions are, I do not think that fear, even well grounded, of such reprisals constitutes the fear of persecution required by the Act.

 Beside all this, even if it be assumed that the Special Inquiry Officer's position was wrong, the petitioner has wholly failed to show any reasonable fear of persecution at the present time. The evidence consisted entirely of four or five letters from friends in Greece to the effect that the Communists might murder him if he came back. The letters all related to conditions on the island of Andros where the petitioner lived, and none of them is less than five years old. I do not mean to say that mere lapse of time always nullifies evidence of this kind, but in view of the radical change which has taken place in the political and governmental situation in Greece, evidence of conditions five years ago is of almost no value. Beside, there is nothing to indicate that any place in Greece other than the small island of Andros would be unsafe for the petitioner.

For the above stated reasons, the defendant's motion for summary judgment must be granted.

An appropriate order may be submitted.